IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AESIR, LLC, an Alaska corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>PISTON & RUDDER SERVICE, INC, an Alaska corporation,<br><br>        Defendant. | Case No. 1:21-cv-00001-JMK<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL** |

Pending before the Court at Docket 26 is Defendant Piston & Rudder Service, Inc.'s Motion to Compel (the "Motion"). Plaintiff AESIR, LLC, responded in opposition at Docket 28. Defendant replied at Docket 34. For the following reasons, Defendant's Motion is GRANTED IN PART.

## I. BACKGROUND

Plaintiff is the owner of the F/V JODI MARIE.[1] Defendant is a boat repair and maintenance business.[2] Plaintiff brought this action on January 26, 2021, asserting claims

---

[1] Docket 1 at 2.
[2] Docket 26 at 2.

for breach of contract and negligence in connection with a fire that occurred in the F/V JODI MARIE's engine room on October 1, 2018.[3]

On March 15, 2021, Defendant filed an Answer to the Complaint, asserting several affirmative defenses, including comparative negligence.[4] The parties then entered discovery. On August 26, 2022, Defendant filed the present Motion, requesting that the Court compel Plaintiff to provide "full and complete responses to Defendant's Second Set of Interrogatories and Requests for Production" ("RFP")—specifically, Interrogatory Nos. 13–16 and RFP Nos. 17–21—within fourteen days of the Court's Order.[5] Defendant states that Plaintiff's responses to Defendant's second set of discovery requests were due on March 30, 2022, but that it was not until August 12, 2022, that Plaintiff actually served those responses.[6] Defendant asserts that Plaintiff's responses consisted mostly of objections and Plaintiff did not produce any documents with the responses.[7]

On August 26, 2022, the parties met and conferred about Plaintiff's discovery responses.[8] Plaintiff agreed to supplement some, but not all, of their responses to Defendant's discovery requests.[9] Defendant then filed the present Motion. In Plaintiff's Opposition, Plaintiff clarifies that it agreed to more substantively respond to Interrogatory No. 13 and Requests for Production Nos. 17 and 21.[10] For each of these requests, Plaintiff

---

[3] Docket 1 at 2.
[4] Docket 4 at 4.
[5] Docket 26 at 1.
[6] *Id.* at 4–5.
[7] *Id.* at 5–7.
[8] *Id.* at 7.
[9] *Id.*
[10] Docket 28 at 5, 8–9, 10–11.

*AESIR, LLC v. Piston & Rudder Service, Inc.*                                                 Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel                       Page 2
Case 1:21-cv-00001-JMK    Document 42    Filed 11/03/22    Page 2 of 9

agreed to supplement its responses because "even though [Plaintiff's employee] Mr. Severson was not aboard the vessel at the time of the fire, his involvement aboard the vessel in the days leading up to the fire arguably puts his fire prevention training into the realm of relevance."[11] Accordingly, the present Motion is DENIED AS MOOT with respect to Interrogatory No. 13 and Request for Production Nos. 17 and 21.[12]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[13]

Rules 33 and 34 provide that an interrogatory and RFP may relate to any matter that may be inquired into under Rule 26(b).[14] Under Rule 37, a party may move for an order compelling a discovery response when a party fails to respond to an interrogatory or an RFP.[15] An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[16] The party moving to compel has "the initial

---

[11] *Id.* at 5, 8–9, 10–11.
[12] In its Reply in Support of its Motion to Compel, Defendant asserts that "while Plaintiff agreed to respond to Interrogatory No. 13 and Requests for Production Nos. 17 and 21, Plaintiff still has not provided that information." Docket 34 at 3. If Plaintiff has still not provided responses to these discovery requests as promised, it is ordered to do so within thirty (30) days of this Order.
[13] Fed. R. Civ. P. 26(b)(1).
[14] Fed. R. Civ. P. 33(a)(2); Fed. R. Civ. P. 34(a).
[15] Fed. R. Civ. P. 37(a)(3)(B).
[16] Fed. R. Civ. P. 37(a)(4).

*AESIR, LLC v. Piston & Rudder Service, Inc.*  Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel  Page 3
Case 1:21-cv-00001-JMK   Document 42   Filed 11/03/22   Page 3 of 9

burden of demonstrating relevance."[17] Once the "minimal showing of relevance is made," the party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."[18] District courts generally have "broad discretion to manage discovery and control the course of litigation."[19] Specifically, district courts enjoy wide discretion in determining relevancy for discovery purposes.[20]

### III. DISCUSSION

As a preliminary matter, Defendant argues that Plaintiff failed to timely respond to Defendant's discovery requests and, therefore, Plaintiff's objections to those requests are waived.[21] Plaintiff, in turn, responds that Defendant also was late in providing responses to Plaintiff's discovery requests.[22] The Court lacks sufficient information to determine what, if any, understanding was reached between the parties regarding discovery deadlines. As such, the Court will not find that Plaintiff has waived all objections to Defendant's second set of discovery requests. Instead, the Court addresses the discovery requests at issue individually below.

---

[17] *Garibay v. Caravan Realty, LLC*, No. 2:19-cv-10910-JDE, 2021 WL 4620954, at *2 (C.D. Cal. June 21, 2021) (quoting *United States v. McGraw-Hill Cos, Inc.*, No. CV 13-779-DOC JCGX, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014)).
[18] *Id.* (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).
[19] *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).
[20] *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).
[21] Docket 26 at 8; *see also* Docket 34 at 4.
[22] Docket 28 at 2.

*AESIR, LLC v. Piston & Rudder Service, Inc.*     Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel     Page 4
Case 1:21-cv-00001-JMK    Document 42    Filed 11/03/22    Page 4 of 9

### A. Interrogatory No. 14 and RFP No. 18

Interrogatory No. 14 requests information relating to whether a job hazard analysis was conducted on the vessel by Plaintiff prior to the fire, as well as the dates that analysis (or analyses) was performed and the names of the individuals involved.[23] Plaintiff objects that this Interrogatory is overbroad; seeks information that is not relevant; and is unduly burdensome, as "it seeks information regarding any job hazard analysis performed by Plaintiff aboard the F/V JODI MARIE from the time it purchased the vessel (in 2013) to the date of the fire in October 2018."[24] RFP No. 18 requests that Plaintiff "[p]roduce copies of job hazard analysis identified your answer [sic] to Interrogatory No.14"[25] Plaintiff responded to this RFP by referring Defendant to its answer to Interrogatory No. 14.[26]

Defendant argues that Plaintiff's policies and procedures relating to fire prevention and fire watch are relevant to its affirmative defense of comparative fault.[27] Plaintiff responds that Defendant did not explicitly address Interrogatory No. 14 and RFP No. 18 in its Motion to Compel and has thus waived any argument that these discovery requests are relevant to this action.[28] The Court disagrees. A job hazard analysis and any other steps Plaintiff took to prevent fires aboard the F/V JODI MARIE, including Plaintiff's fire prevention policies, is relevant to the issue of whether Plaintiff's negligence contributed to the fire. Regarding the burdensomeness of these requests, Defendant

---

[23] Docket 26 at 5.
[24] Docket 28 at 6.
[25] Docket 26 at 6.
[26] Id.
[27] Docket 26 at 8; Docket 34 at 5.
[28] Docket 28 at 6.

*AESIR, LLC v. Piston & Rudder Service, Inc.*      Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel      Page 5
Case 1:21-cv-00001-JMK    Document 42    Filed 11/03/22    Page 5 of 9

acknowledged that this Interrogatory and RFP lack a temporal limit, but claimed that Interrogatory No. 14 clearly "shows Defendant was seeking information about whether Plaintiff conducted a job hazardous [sic] analysis shortly before the fire."[29] The issue surrounding the temporal scope of this Interrogatory and RFP is precisely the type of issue that should be negotiated and resolved between the parties without Court involvement. Nonetheless, the Court agrees that this Interrogatory and RFP would be more proportional to the needs of the case with a temporal limit. Accordingly, Defendant's Motion to Compel is GRANTED IN PART as to Interrogatory No. 14 and RFP 18. Plaintiff is ordered to provide responsive information and documents relating to any job hazard analysis performed aboard the F/V JODI MARIE during the year prior to the fire within thirty (30) days of this Order.

**B.     Interrogatory Number 15 and RFP No. 19**

Interrogatory No. 15 asks Plaintiff to describe "all Plaintiff's policies and procedures regarding the prevention of fires aboard the F/V JODI MARIE."[30] Plaintiff objects to this Interrogatory, arguing that it seeks information that is not relevant and is unduly burdensome.[31] Plaintiff points out that it is undisputed that (1) Plaintiff and Defendant are subject to different regulatory regimes, (2) at the time of the fire the vessel was in Defendant's shipyard, and (3) no employee of Plaintiff's was aboard the vessel during the day leading up to the fire.[32] However, it also is undisputed that Plaintiff's

---

[29] Docket 34 at 6.
[30] Docket 26 at 5.
[31] Id. at 6.
[32] Docket 28 at 7.

*AESIR, LLC v. Piston & Rudder Service, Inc.*                                                        Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel                                                                Page 6

Case 1:21-cv-00001-JMK     Document 42     Filed 11/03/22     Page 6 of 9

employee, Mark Severson, was aboard the vessel in the days before the fire and Mr. Severson set up the bedsheet that eventually caught fire on October 1, 2018.[33] Plaintiff acknowledges that Mr. Severson's "involvement aboard the vessel in the days leading up to the fire arguably puts his fire prevention training into the realm of relevance."[34] As described above, Defendant has asserted an affirmative defense of comparative fault.[35] The policies and procedures relating to fire prevention aboard the F/V JODI MARIE certainly is relevant to this affirmative defense and the general inquiry whether Mr. Severson, or any other of Plaintiff's employees that were aboard the vessel in the days before the fire, negligently violated Plaintiff's policies, thus making a fire more likely.

RFP No. 19 requests that Plaintiff "[p]roduce all documents evidencing or relating to Plaintiff's policies and procedures regarding the prevention of fires aboard vessels."[36] Plaintiff objected that this RFP was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[37] As described above, the documents requested are relevant to this litigation. Further, Plaintiff has not articulated why producing responsive documents is so burdensome as to outweigh the relevance of these documents. However, to the extent Plaintiff owns other vessels, documents relating to fire prevention aboard vessels other than the F/V JODI MARIE are not relevant. Accordingly, Defendant's Motion to Compel is GRANTED as to Interrogatory

---

[33] Docket 26 at 2; Docket 28 at 2, 5.
[34] Docket 28 at 5, 8–9, 10–11.
[35] Docket 4 at 4.
[36] Docket 26 at 6.
[37] Id.

*AESIR, LLC v. Piston & Rudder Service, Inc.*                              Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel                       Page 7
Case 1:21-cv-00001-JMK    Document 42    Filed 11/03/22    Page 7 of 9

No. 15 and GRANTED IN PART as to RFP No. 19. Plaintiff shall substantively respond to Interrogatory No. 15 and shall produce all documents evidencing or relating to Plaintiff's policies and procedures regarding the prevention of fires aboard the F/V JODI MARIE in response to RFP No. 19 within thirty (30) days of this Order.

C.      **Interrogatory Number 16 and RFP No. 20**

Interrogatory No. 16 asks Plaintiff to describe "all training Plaintiff's [sic] provides to its employees regarding the prevention of fires aboard the F/V JODI MARIE."[38] Plaintiff objected, arguing that this Interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[39] Plaintiff further argues that Plaintiff's fire prevention training "is not relevant in any fashion to this litigation given the facts of the incident."[40] RFP No. 20 seeks the production of "all documents evidencing or relating to training Plaintiff's [sic] provides to its employees regarding the prevention of fire aboard vessels."[41] The Court's analysis is identical to that for Interrogatory No. 15 and RFP No. 19—namely, that this information is relevant to Defendant's affirmative defense of comparative fault. Plaintiff's employees' training regarding fire prevention aboard the F/V JODI MARIE is relevant to whether Mr. Severson, or any other employee of Plaintiff's, negligently contributed to the fire by violating the training they received from Plaintiff. As above, the Court will limit the scope of RFP No. 20 to require production of documents relating to fire prevention training aboard the

---

[38] *Id.*
[39] *Id.*
[40] Docket 28 at 8.
[41] Docket 26 at 6.

*AESIR, LLC v. Piston & Rudder Service, Inc.*                                                                 Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel                                                                 Page 8

Case 1:21-cv-00001-JMK   Document 42   Filed 11/03/22   Page 8 of 9

F/V JODI MARIE only. Accordingly, Defendant's Motion to Compel is GRANTED as to Interrogatory No. 16 and GRANTED IN PART as to RFP No. 20. Plaintiff shall substantively respond to Interrogatory No. 16 and shall produce all documents evidencing or relating to training Plaintiff provides to its employees regarding the prevention of fires aboard the F/V JODI MARIE in response to RFP No. 20 within thirty (30) days of this Order.

## IV. CONCLUSION

For the reasons articulated above, Defendant's Motion to Compel is GRANTED IN PART. The parties are encouraged to continue to try to resolve their discovery disputes without Court involvement. A robust and thorough meet and confer process could have resolved many of the disputes in the present Motion and the Court will closely analyze the adequacy of the meet and confer process for future discovery-related motions.

IT IS SO ORDERED this 3rd day of November, 2022, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

*AESIR, LLC v. Piston & Rudder Service, Inc.* Case No. 1:21-cv-00001-JMK
Order Granting in Part Defendant's Motion to Compel Page 9
Case 1:21-cv-00001-JMK   Document 42   Filed 11/03/22   Page 9 of 9